# IN THE COURT OF APPEALS OF IOWA

No. 17-2058
Filed May 15, 2019

**LONNY OTTO BATHEN,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Buchanan County, Bradley J. Harris,

Judge.

Lonny Bathen appeals the denial of his application for postconviction relief.

**AFFIRMED.**

Christopher Kragnes Sr. of Kragnes & Associates, Des Moines, for

appellant.

Thomas J. Miller, Attorney General, and Sheryl Soich, Assistant Attorney

General, for appellee State.

Considered by Vaitheswaran, P.J., and Potterfield and Doyle, JJ.

**DOYLE, Judge.**

A jury found Lonny Bathen guilty on three counts of second-degree sexual abuse, and this court affirmed the sufficiency of the evidence of his guilt on direct appeal. *State v. Bathen*, 12-0872, 2013 WL 4769658, at *1 (Iowa Ct. App. Sept. 5, 2013). Following his trial, Bathen pled guilty to two additional counts of second-degree sexual abuse in another case and entered an *Alford* plea to one count of lascivious acts with a child in a third case. Bathen filed an application for postconviction relief (PCR) alleging his trial counsel was ineffective in numerous respects relating to all three cases, which the district court denied. Bathen appeals the PCR ruling, arguing both his trial and PCR counsel were ineffective.

Our review is de novo. *See Lamasters v. State*, 821 N.W.2d 856, 862 (Iowa 2012). In order to succeed on an ineffective-assistance claim, a PCR applicant must establish that counsel breached a duty and prejudice resulted. *See id.* at 866. We may affirm a ruling rejecting an ineffective-assistance claim if either element is lacking. *See id.*

Bathen first contends he is entitled to postconviction relief because his trial counsel provided ineffective assistance by failing to: (1) investigate the facts of the case, depose witnesses, consult with him about trial strategy, and prepare for trial adequately; (2) advise him properly regarding a plea offer; (3) exclude or object to testimony regarding other children he was alleged to have sexually abused; (4) conduct voir dire or give an opening statement; (5) advise him regarding his right to testify; and (6) advise him properly regarding his guilty pleas. As to the first, fourth, fifth, and sixth issues, the PCR court found Bathen failed to show counsel

breached a duty. On the two remaining claims, the PCR court found Bathen failed to demonstrate prejudice.

The charges on which Bathen went to trial concerned acts that occurred over a period of several years with the complaining witness, who at all relevant times was a child under the age of twelve. It was not until the complaining witness had reached adulthood that he reported Bathen's acts to law enforcement. In addition to detailed testimony from the complaining witness, the evidence against Bathen included testimony from two witnesses to whom Bathen had confessed. During trial, Bathen's counsel did not dispute that Bathen had engaged in the acts alleged by the State but questioned the age of the complaining witness at the time the acts occurred, arguing he was twelve years of age or older. On direct appeal, this court found substantial evidence that the acts occurred when the child was under the age of twelve, noting "the victim consistently testified at trial about various sex acts occurring between him and the defendant when he was eight to eleven years old." *Bathen*, 2013 WL 4769658, at *1.

On our de novo review, we concur with the PCR court's finding that Bathen has fallen short on his burden of showing counsel breached a duty by failing to investigate, prepare for trial, conduct voir dire, present an opening statement, advise him regarding his right to testify, or advise him properly regarding his guilty pleas . With regard to the remaining claims, we concur with the PCR court's finding that Bathen has failed to establish that he was prejudiced by any breach of trial counsel's duty. Although counsel should have sought to prevent evidence of Bathen's sexual abuse of others from being introduced at trial, we are unable to find this failure prejudiced Bathen in light of the strong evidence of Bathen's guilt.

4

We also agree that Bathen failed to demonstrate a reasonable probability that he would have accepted the State's plea offer. The State offered Bathen a twenty-five year sentence with the requirement that he serve seventy-percent of his sentence, and Bathen testified that he would have refused to accept a seventeen-and-a-half year sentence because he considered it "a death sentence" in light of his health problems. Likewise, we are unable to find that Bathen demonstrated a reasonable probability that he would not have pled guilty to the other charges but for counsel's ineffective assistance during his trial.

Bathen also argues that he was prejudiced by the cumulative effect of counsel's errors. *See State v. Clay*, 824 N.W.2d 488, 501 (Iowa 2012) (recognizing that the cumulative effect of counsel's errors may prejudice a defendant even though no individual instance is sufficient to establish prejudice). In doing so, we consider the cumulative prejudice of only those claims for which we have determined that counsel failed to perform a duty or for which we analyzed only under the prejudice prong. *See id.* Bathen has also failed to show the cumulative effect of counsel's failure to advise him regarding the State's plea offers before and after trial and to prevent the introduction of evidence concerning Bathen's sexual abuse of others prejudiced him.

Finally, Bathen alleges his PCR counsel was ineffective in a number of respects. He concedes that the record is insufficient to address his ineffective-assistance-of-PCR-counsel claims in this appeal. Regardless, the proper mechanism for resolving claims of ineffective assistance of PCR counsel raised for the first time on appeal is for an applicant to file a separate PCR application in the district court. *See Goode v. State*, 920 N.W.2d 520, 526-27 (Iowa 2018).

Because his first PCR action was timely, a second application raising claims of ineffective assistance of PCR counsel will be timely if promptly filed following this appeal. *See Allison v. State*, 914 N.W.2d 866, 891 (Iowa 2018); *see also Goode*, 920 N.W.2d at 526 ("Based on *Allison*, the statutory limitation period is not an impediment to pursuing a second PCR application relating to the claim in this case if promptly filed following the appeal.").

    **AFFIRMED.**